IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KIM BISHOP and HOWARD BISHOP   :
:   CIVIL ACTION
v.   :
:   NO. 08-4550
SAM'S EAST, INC., ET AL.   :

SURRICK, J.                                        JUNE 23, 2009

## MEMORANDUM

Presently before the Court is Plaintiff's Motion for Remand. (Doc. No. 4.) For the following reasons, the Motion will be denied.

**I.   BACKGROUND**

On May 2, 2008, Kim Bishop ("Plaintiff") filed a complaint in the Court of Common Pleas of Philadelphia County alleging negligence against Sam's East, Inc., Sam's Club, Inc., and Wal-Mart Stores, Inc. (collectively, "Defendants"), after she injured her knee in a slip-and-fall at a Sam's Club store in New Hampshire. (*See* Compl. ¶¶ 7-9.) Plaintiff demanded damages "in a sum in excess of Fifty Thousand Dollars ($50,000), plus costs." (*See id.*) On May 7, 2008, Defendants were served with the complaint. (*Id.* ¶ 13.) On September 12, 2008, Defendants filed an answer containing ten paragraphs of new matter,[1] one of which stated that "Plaintiff's damages are not in excess of $75,000." (Defs.' Ans. ¶ 33.) Later that day, Plaintiff filed a response denying all ten paragraphs of the new matter as follows:

> Denied. As [sic] conclusions of law under Pennsylvania rules of civil procedures [sic] which require no responsive pleadings. Strict proof demanded at trial.

---

[1] Pennsylvania Rule of Civil Procedure 1030 provides that "all affirmative defenses . . . shall be pleaded in a responsive pleading under the heading 'New Matter.' A party may [also] set forth as new matter any other material facts which are not merely denials of the averments of the preceding pleading." Pa. R. Civ. P. 1030.

(Doc. No. 6-5.) On September 18, 2008, after receiving Plaintiff's response, Defendants removed the case to this Court on the basis of diversity jurisdiction, 42 U.S.C. § 1332. (Doc. No. 1 at 5.) Defendants asserted in the notice of removal that there is complete diversity of citizenship between the parties and that, based on Plaintiff's denial of the new matter, the amount in controversy exceeds $75,000. (*Id.* at 7.) Plaintiff filed the instant Motion to Remand on the grounds that Defendants' notice of removal was untimely. (Doc. No. 4.) Plaintiff does not dispute that the amount in controversy exceeds $75,000 and that diversity jurisdiction is proper.

## II. LEGAL STANDARD

State-court actions that originally could have been filed in federal court may be removed to federal court. *Caterpillar, Inc., v. Williams*, 482 U.S. 386, 392 (1987) (citing 28 U.S.C. § 1441). Section 1441 provides in relevant part:

> [e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). A notice of removal must be filed "within thirty days after the receipt by the defendant . . . of a copy of the initial pleading setting forth a claim for relief upon which such action or proceeding is based." *Id.* § 1446(b). If the case is initially not removable, however, a notice of removal "may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or *other paper* from which it may first be ascertained that the case is one which is or has become removable." *Id.* (emphasis added). A party can waive the right to remove by failing to file a timely notice of removal. *See*

(Doc. No. 6-5.) On September 18, 2008, after receiving Plaintiff's response, Defendants removed the case to this Court on the basis of diversity jurisdiction, 42 U.S.C. § 1332. (Doc. No. 1 at 5.) Defendants asserted in the notice of removal that there is complete diversity of citizenship between the parties and that, based on Plaintiff's denial of the new matter, the amount in controversy exceeds $75,000. (*Id.* at 7.) Plaintiff filed the instant Motion to Remand on the grounds that Defendants' notice of removal was untimely. (Doc. No. 4.) Plaintiff does not dispute that the amount in controversy exceeds $75,000 and that diversity jurisdiction is proper.

## II. LEGAL STANDARD

State-court actions that originally could have been filed in federal court may be removed to federal court. *Caterpillar, Inc., v. Williams*, 482 U.S. 386, 392 (1987) (citing 28 U.S.C. § 1441). Section 1441 provides in relevant part:

> [e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). A notice of removal must be filed "within thirty days after the receipt by the defendant . . . of a copy of the initial pleading setting forth a claim for relief upon which such action or proceeding is based." *Id.* § 1446(b). If the case is initially not removable, however, a notice of removal "may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or *other paper* from which it may first be ascertained that the case is one which is or has become removable." *Id.* (emphasis added). A party can waive the right to remove by failing to file a timely notice of removal. *See*

*Buchner v. FDIC*, 981 F.2d 816, 818 (5th Cir. 1993) ("Unquestionably, a party may implicitly waive its right to remove a case by failing timely to file a notice of removal.") (citations omitted).

Remand is governed by 28 U.S.C. § 1447(c), which provides that a

> motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

*Id.* § 1447(c). "The removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004) (internal quotation marks omitted).

### III. DISCUSSION

Plaintiff asserts that Defendants failed to file a timely notice of removal. According to Plaintiff, Defendants' notice of removal "had to be filed by thirty (30) days from May 7, 2008, the date the Defendants were served [with the complaint] in this matter." (Doc. No. 4 ¶ 13.) Plaintiff maintains that Defendants' notice of removal was untimely because it was filed on September 17, 2008, or "one hundred and four (104) days after Defendants were served." (*Id.* ¶ 14.) Defendants respond that the case was not initially removable based on the complaint. (*Id.* at 3.) Defendants assert that the case only became removable on September 12, 2008, when Plaintiff filed a reply to Defendant's new matter denying Defendant's statement that "Plaintiff's damages are not in excess of $75,000." (*Id.* at 2.) Defendants argue that this reply conclusively established that Plaintiff was seeking damages in excess of $75,000; that Plaintiff's reply to the new matter constitutes "other paper" under 28 U.S.C. § 1446(b); and that the notice of removal was timely filed within thirty days of receiving Plaintiff's denial of the new matter. (*Id.* at 6-8.)

3

Since the parties do not dispute the existence of proper diversity jurisdiction, the issue to be decided is whether Defendants' notice of removal was timely. We begin this inquiry by examining the allegations of the complaint to determine when Defendant would have known "to a legal certainty" that Plaintiff's damages exceeded $75,000 and that therefore diversity jurisdiction existed. *Samuel-Bassett*, 357 F.3d at 398-99 ("In removal cases, determining the amount in controversy begins with a reading of the complaint filed in the state court."); *Angus v. Shiley, Inc.*, 989 F.2d 142, 145 (3d Cir. 1993) ("The general federal rule is to decide the amount in controversy from the complaint itself."); *see also Morgan v. Gay*, 471 F.3d 469, 474 (3d Cir. 2006) (discussing standard). When a complaint does not limit its request to a precise monetary amount, the court must independently appraise the claim's value to determine if it satisfies the amount in controversy requirement. *Angus*, 989 F.2d at 146. This is measured by "a reasonable reading of the value of the rights being litigated." *Id.* at 145. Estimations of the total damage must be realistic, and the inquiry into whether the amount is met "should be objective, and not based on fanciful, 'pie-in-the-sky,' or simply wishful amounts." *Samuel-Bassett*, 357 F.3d at 403.

Here, the complaint alleges that Plaintiff "suffered injuries which include but are not limited to, fracture of the right tibial tubercle with a free fragment screw head, injuries to the nerves and nervous system and various other ills and injuries."[2] (Compl. ¶ 12.) The complaint further alleges that Plaintiff suffered "mental and physical traumatic anxiety reaction, nervousness and other psychological and emotional disorders," thereby "depriving [her] of life's

---

[2] Plaintiff's husband also asserts a derivative claim for loss of consortium. (Compl. ¶¶ 19-20.)

pleasures together with great embarrassment and humiliation." (*Id.* ¶ 13.) As a result of these injuries, the complaint alleges that Plaintiff "has and will in the future continue to spend large sums of money for medicine and medical care in and about an effort to effect a cure for the aforesaid injuries." (*Id.* ¶ 14.) In addition, the complaint alleges that Plaintiff "has and will in the future be unable to attend or perform her usual daily duties" and "will be deprived . . . of earnings and earning capacity." (*Id.* ¶¶ 15-16.) The *ad damnum* clause of the complaint demands damages "in excess of $50,000." (*See* Compl.)

We are satisfied that the complaint did not place Defendants on notice of an amount in controversy over $75,000. In this regard, the decision in *Brown v. Modell's PA II, Inc.*, No. 08-1528, 2008 WL 2600253, at *2 (E.D. Pa. July 01, 2008), is instructive. In *Brown*, the plaintiff tripped on a store display and suffered injuries to his back, hand, and wrist that required several surgeries. *Id.* at *2 n.4. The complaint alleged that the incident "exacerbated prior and preexisting injuries" and caused the plaintiff to "expend various and diverse sums of money for hospitalization, medical treatment, medicines, and care" for an "indefinite amount of time." *Id.* The complaint further alleged that the plaintiff lost wages and "would continue to lose wages for an indefinite amount of time." *Id.* The complaint sought relief "in excess of $50,000." *Id.* at *2. The plaintiff's spouse also brought a loss of consortium claim. *Id.* The court observed that the "complaint included allegations of apparently serious medical injuries, but it did not include any monetary amount of damages other than damages "in excess of $50,000." *Id.* The court determined that the case "was not removable on the basis of the complaint" since the allegations "were not enough for defendant to conduct an objective calculation of damages and did not put defendants on notice that the $75,000 amount in controversy requirement had been met." *Id.*

5

(citations omitted). Other courts in this Circuit considering similar facts have reached the same conclusion. *See, e.g., Admiral Paycheck Servs., Inc., v. Paychex, Inc.*, No. 07-0066, 2007 WL 2670287, at *3 (W.D. Pa. Sept. 7, 2007) (finding that complaint which alleged injuries due to loss of integrity and reputation, loss of business, and impairment of future earning capacity but only specified that relief sought was in excess of $25,000 did not put defendant on notice that $75,000 amount in controversy requirement was met); *Marchiori v. Vanguard Car Rental USA, Inc.*, No. 05-5685, 2006 WL 724445, at *6 (E.D. Pa. Mar. 17, 2006) (holding that a complaint alleging specific medical injuries and an amount in controversy exceeding $50,000 did not indicate that the claimed damages were in excess of $75,000); *see also Foster v. Mutual Fire, Marine & Inland Ins. Co.*, 986 F.2d 48, 53 (3d Cir. 1993) (citing with approval *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992), which adopted bright-line rule requiring plaintiff who wished to trigger thirty-day filing period to include specific allegation of damages in excess of federal jurisdictional amount in initial pleading), *overruled on other grounds as recognized in Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 220 (3d Cir. 2005).

Like the complaint in *Brown*, the complaint here contains general, boilerplate allegations of injury. For example, the complaint alleges that Plaintiff has suffered a variety of "ills and injuries" and "psychological and emotional disorders" that have deprived her of "life's pleasures." The complaint alleges no facts to indicate the magnitude of the alleged reduced earnings capacity and other damages except that, as in *Brown*, the *ad damnum* clause demands damages "in excess of $50,000."[3] Based on the complaint, Defendant could not have conducted

---

[3] In the Philadelphia Court of Common Pleas where this case was initially filed, matters in which the amount in controversy is less than $50,000 are referred to compulsory arbitration. *See* 42 Pa. Cons. Stat. Ann. § 7361 (providing for compulsory arbitration when prescribed by

an objective calculation of damages that would have placed them on notice of an amount in controversy in excess of $75,000. The allegations in the complaint standing alone are too vague to allow such a determination. Accordingly, the complaint did not trigger the thirty-day period for filing of Defendant's notice of removal.

Addressing next the question of whether Defendants' removal was otherwise timely, Defendants maintain that Plaintiff's reply to new matter on September 12, 2008, constituted "other paper" under 28 U.S.C.§ 1446(b) and triggered the thirty-day removal period. The Third Circuit has not defined "other paper." Courts in this District, however, have concluded that "other paper" is an "inclusive phrase that covers a wide array of documents." *Brown*, 2008 WL 2600253, at *3 (citations omitted); *see also CPR Restoration & Cleaning Servs., LLC, v. Fedorowycz*, No. 09-0657, 2009 WL 1012467, at *2 (E.D. Pa. Apr. 14, 2009) (noting that courts in the Eastern District of Pennsylvania have interpreted the term "broadly"); *Efford v. Milam*, 368 F. Supp. 2d 380, 384 (E.D. Pa. 2005) (noting that "the majority of courts have given the reference to 'other paper' an embracive construction and have included a wide array of documents within its scope") (citation omitted). The broad interpretation of "other paper" is consistent with the statute's purpose to "commence the running of the thirty day period once the defendant receives actual notice that the case has become removable, which may be communicated in a formal or informal manner." *Broderick v. Dellasandro*, 859 F. Supp. 176, 178-80 (E.D. Pa.1994) (citations omitted); *see also* 14A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3732 at 310 (3d ed. 1998) (noting that "the requisite

---

rule except where amount in controversy exceeds $50,000); Pa. R. Civ. P. 1301-14 (implementing compulsory arbitration).

notice may be communicated in either a formal or informal manner"). Thus, courts have held that requests for admissions can constitute "other paper." *See Brown*, 2008 WL 2600253, at *3; *Marchiori*, 2006 WL 724445, at *2. Likewise, courts have held that correspondence between counsel can constitute "other paper," *see Efford*, 368 F. Supp. 2d at 380 (letter from plaintiffs' attorney to defendants' attorney); *Broderick*, 859 F. Supp. at 176 (same); *Rahwar v. Nootz*, 863 F. Supp. 191, 192 (D.N.J. 1994) (same); *Hessler v. Armstrong World Indus.*, 684 F. Supp. 393, 394 (D. Del. 1988) (same), as well as answers to written interrogatories, *see Cabibbo v. Einstein/Noah Bagel Partners, L.P.*, 181 F. Supp. 2d 428, 432-33 (E.D. Pa. 2002) ("Merely because answers [to interrogatories] are not filed with the court should not be taken to mean that they are insufficient to trigger the thirty-day period [for filing a notice of removal]."). Plaintiff's reply to Defendant's new matter, which was filed with the court, clearly constitutes "other paper."

Since Plaintiff's reply to Defendants' new matter constitutes "other paper," the question becomes whether Plaintiff's denial that her damages are "not in excess of $75,000," placed Defendant on notice that the amount in controversy was over $75,000. We are satisfied that it did. Certainly Defendants interpreted Plaintiff's denial as such, and Plaintiff does not dispute Defendant's interpretation. Again, *Brown* is instructive. *See* 2008 WL 2600253, at *3. After the court in *Brown* concluded that the complaint did not place the defendant on notice of the $75,000 amount in controversy, the court considered whether the defendant's request for admission triggered the removal period as "other paper" under 23 U.S.C. § 1446(b). *Id.* The defendant asked the plaintiff in a request for admission to admit or deny that the plaintiff sought "in excess of $75,000." *Id.* at *1. The plaintiff did not respond. *Id.* The court held that the request for

8

admission was "other paper" under § 1446(b), and that the plaintiff's failure to deny the request for admission gave the defendant notice of an amount in controversy in excess of $75,000, triggering the removal period. *Id.* at *2.

Plaintiff's denial of the new matter is similar to the plaintiff's request for admission in *Brown*. Both involve the assertion that the amount in controversy exceeds $75,000. As the plaintiff's request for admission in *Brown* triggered the thirty-day removal period, Plaintiff's reply to new matter in this case triggered the thirty-day removal period. The reply to new matter was filed on September 12, 2008. Defendants filed the notice of removal on September 18, 2008, well within thirty days. Defendants' notice of removal was timely. *See* 28 U.S.C. § 1446(b) (providing that a notice of removal "may be filed within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable").

Plaintiff filed the Motion for Remand on September 25, 2008. In the Motion, Plaintiff argues that Defendants were served with the complaint on May 7, 2008; that the petition for removal should have been filed by Defendants on or before June 6, 2008; that Defendants did not file the notice of removal until September 17, 2008, well beyond the thirty-day time limit for removal; and that therefore the case should be remanded because of the untimely removal. On October 10, 2008, Defendants filed the response to Plaintiff's Motion, arguing that Plaintiff's reply to new matter triggered removal. On November 14, 2008, Plaintiff filed a reply brief in support of the Motion. (*See* Doc. No. 7.) In the reply brief, Plaintiff argued for the first time that Defendants knew on August 8, 2008, that the amount in controversy was over $75,000 based upon a Case Management Report in the state court proceedings. (*See id.* ¶¶ 6-8, 17.) This

9

argument was not included in Plaintiff's Motion. (*See* Doc. No. 4.) Under the circumstances, this argument is waived. *See Brown*, 2008 WL 2600253, at *3 n.5 (noting with regard to the filing of a second motion to remand that "even if [the second motion] were a reply, it inappropriately seeks to raise a new issue that was not raised in the first brief", the "new issue" being a Case Management Report in the state court proceedings); *United States v. Martin*, 454 F. Supp. 2d 278, 281 (E.D. Pa. 2006) ("A reply brief is intended only to provide an opportunity to respond to the arguments raised in the response brief; it is not intended as a forum to raise new issues.") (citations omitted); *United States v. Medeiros*, 710 F. Supp. 106, 110 (M.D. Pa. 1989) ("It is improper for a party to present a new argument in [a] reply brief."), *aff'd*, 884 F.2d 75 (3d Cir. 1989).

## IV.   CONCLUSION

For these reasons, Plaintiff's Motion will be denied.

An appropriate Order will follow.

BY THE COURT:

_____
R. Barclay Surrick, J.
